UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| KAMAL K. PATEL,<br><br>            Plaintiff,<br><br>            v.<br><br>VIJAYKANT PATEL et al.,<br><br>            Defendants. | Case No. 16-cv-02411 (CRC) |

**OPINION AND ORDER**

English resident Kamal Patel brought this action for fraud, breach of contract, and theft against his relatives Vijaykant and Bhartiben Vijaykant Patel, who live in England, alleging that they participated in a scheme to steal Kamal's money from a U.K. bank account. Defendants filed a response that they styled as an answer but that the Court has construed, in part, as a motion to dismiss for lack of personal jurisdiction and for improper venue. See Minute Order of August 4, 2017; see also Answer 2. That motion is now ripe for adjudication.

The plaintiff "bear[s] the burden of establishing personal jurisdiction over the defendants." Clay v. Blue Hackle N. Am., LLC, 907 F. Supp. 2d 85, 87 (D.D.C. 2012). To establish personal jurisdiction, the plaintiff "'must allege specific acts connecting [the] defendant with the forum and cannot rely on conclusory allegations." Id. (internal quotation omitted). Any "factual discrepancies appearing in the record must be resolved in favor of the plaintiff." Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990).

Plaintiff admits that Defendants "are foreign citizens and residing and domiciled outside the United States"—namely, in the United Kingdom. Compl. ¶¶ 2, 4–5. The Court may exercise personal jurisdiction over Defendants only if Plaintiff can show that, despite their foreign

residence and domicile, they have sufficient contacts with the District of Columbia so as to satisfy due process and D.C. law. See Daimler AG v. Bauman, 134 S. Ct. 746, 753 (2014); Fed. R. Civ. P. 4(k)(1)(A). The plaintiff could show this connection under two theories: general or specific jurisdiction.

A court may exercise general personal jurisdiction over non-resident defendants who "maintain[] sufficiently systematic and continuous contacts with the forum . . . , regardless of whether those contacts gave rise to the claim in the particular suit." App Dynamic ehf v. Vignisson, 87 F. Supp. 3d 322, 326 (D.D.C. 2015); see also FC Inv. Grp. LC v. IFX Mkts., Ltd., 529 F.3d 1087, 1091–92 & n.5 (D.C. Cir. 2008) (explaining that D.C. Code § 13-334(a) authorizes general jurisdiction over foreign defendants to the extent that due process allows). Plaintiff alleges that Defendants "ha[ve] significant ties to the United States including family, numerous travels for business and pleasure, operating a mail drop business for U.S. citizens, as well as engaging in the present scheme and other similar schemes as alleged in this lawsuit." Compl. ¶¶ 4–5. Yet, these allegations make no reference to D.C., as opposed to the United States generally. Even if they did, a defendant's involvement in a discrete scheme, his occasional travel to the forum, and his relationship with forum residents are each paradigmatically *un*systematic. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416–18 (1984) (no general jurisdiction in Texas where foreign company sent CEO to Texas for contract negotiations; accepted checks drawn on Texas bank; purchased equipment from Texas company; and sent employees to Texas for training); see also Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014) (confining analysis "to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there").

And the allegation related to Defendants' "mail drop business" does not approach the sort of "continuous and systematic general business contacts" that could support general jurisdiction over foreign Defendants. Helicopteros, 466 U.S. at 416. Where a defendant's business ties are the asserted basis for jurisdiction, those ties must be so pervasive "as to render them *essentially at home* in the forum." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (emphasis added). Without more, the allegation that Defendants served some U.S. clients living in England, see Compl. ¶¶ 12–13, cannot satisfy that stringent standard, see, e.g., id. at 927 (rejecting argument that the introduction of products into stream of commerce with expectation that they will be sold in a certain forum confers general jurisdiction in that forum, even if the products are ultimately sold there).

The Court also lacks specific personal jurisdiction over Defendants. As relevant here, D.C. law allows for specific jurisdiction over non-resident defendants "as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia," D.C. Code § 13-423, and this standard is "coextensive with the Constitution's due process limit," First Chi. Int'l v. United Exch. Co., 836 F.2d 1375, 1377 (D.C. Cir. 1988). Thus, the Court may exercise specific jurisdiction if there is a sufficient relationship between the gravamen of the complaint—the alleged theft of funds from Plaintiff's U.K. bank account—and the District of Columbia, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). In other words, it must be true that Defendants have contacts with the forum and that Plaintiff's suit "arise[s] out of or [is] connected with" those particular contacts. Id. at 319.

The Complaint contains no factual allegations suggesting that Plaintiff's claim has any meaningful relationship with D.C. The sole allegation tying the case to the United States, let alone to the forum itself, is that Defendants "have used the U.S. banks and other international banks to launder the proceeds of these crimes." Compl. ¶ 28. Plaintiff admits, however, that Defendants do not have any U.S. bank accounts. Pl.'s Mem. in Support of Response 3. Rather, his accusation is that Defendants pick up cash in the United States and then move it "to the U.K. to avoid U.S. scrutiny and reporting requirements." Id. But Plaintiff's action is not for money laundering or tax evasion—the alleged theft and fraud, if perpetrated, were completed when Plaintiff's funds were taken (1) from a U.K. bank account (2) by U.K. residents (3) while abroad. Thus, there is no sign that any "relevant conduct" occurred in this forum. Walden, 134 S. Ct. at 1126.

The Court therefore cannot exercise personal jurisdiction over Defendants Vijaykant and Bhartiben Vijaykant Patel. Because the other defendants have been dismissed, the Court will dismiss the case in its entirety. The Court need not address Defendants' alternative argument that venue in the District of Columbia is improper.

It is hereby

**ORDERED** that [14] Defendants' Motion to Dismiss is **GRANTED**. It is further

**ORDERED** that this case be **DISMISSED**.

**SO ORDERED.** This is a final, appealable order.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: September 19, 2017